IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LAMAR PATRICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  3:11cv389-WHA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (wo) |
| | ) | |
| Respondent. | ) | |

## **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #16), entered on May 21, 2013, together with Petitioner's Objections (Doc. #17), filed on June 5, 2013. Following an independent evaluation and *de novo* review of the Recommendation, the Objections, and the entire file, the court finds the Objections to be without merit.

Patrick has filed his Objections to the Recommendation that his § 2255 motion be denied. He presented four claims in his § 2255 motion:

> 1. His guilty plea was involuntary because his trial counsel erroneously promised him that he would receive a sentence of not more than 15 years in prison.
>
> 2. His trial counsel rendered ineffective of counsel by failing to adequately consult with him about his right to appeal.
>
> 3. His trial counsel rendered ineffective assistance of counsel by failing to object to the PSI's application of additional relevant conduct based on alleged drug buys by a confidential informant.
>
> 4. The Government breached the plea agreement by failing to recommend that he receive drug rehabilitation.

The only arguments Patrick pursues in his Objections relate to Claim 1. These arguments

were presented in his § 2255 motion, considered by the Magistrate Judge, and discussed in the Recommendation.

As noted in the Recommendation, Patrick acknowledged under oath at the plea hearing that, other than the terms of the plea agreement, no one had made any promises or assurances to him to get him to plead guilty. Further, Patrick stated under oath at the plea hearing that he understood the sentence imposed might be different from any estimate made by his attorney or anyone else. In an affidavit filed with this court, Patrick's former counsel states that although he gave Patrick a rough estimate, early during his representation, of a 12 to 15-year sentence, this estimate was later revised upward after the Government informed counsel that it did not seek cooperation in other cases from Patrick -- a matter that counsel says he relayed to Patrick.

Patrick now maintains that his sworn statements during the change of plea hearing were deliberately false, because, he says, his counsel told him simply to answer "yes" when the court questioned him regarding whether any promises or assurances had been made to him and whether he understood that his actual sentence might be greater than anything his counsel had predicted or promised. Patrick's offhand confession to giving false testimony is not sufficient to override the general principles, cited in the Recommendation, that "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false," *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988), and that "[t]here is a strong presumption that the statements made during the [guilty plea] colloquy are true," *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Patrick's self-serving claim that his sworn testimony about his understanding of his possible sentence was knowingly false does not overcome the strong presumption that such testimony was true.

Therefore, court finds the objections to be without merit, and they are hereby OVERRULED. The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that the 28 U.S.C. § 2255 motion filed by the Petitioner is DENIED.

DONE this 27th day of June, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE